ATLAS DREDGING COMPANY, *Plaintiff in Error,* v. SUSIE MITCHELL, *Defendant in Error.*

### On Rehearing.

1. Diving is not one of the hazardous occupations described in Section 1, Chapter 6531, Laws of Florida, Acts of 1913.
2. Where a person is employed to do diving and he goes into the water from a barge or dredge-boat which is not propelled by steam, the occupation is not a hazardous one in contemplation of Chapter 6531, Laws of Florida, Acts of 1913.

Petition denied.

*H. S. Hampton* and *A. H. King,* for Petitioner.

BROWNE, C. J.—All the points raised in the petition for rehearing were carefully considered by the court, and those deemed necessary for the proper disposition of the case are discussed in the opinion.

A mistake, however, was made in the date of the death of Mitchell, and upon this the defendant in error bases the thirteenth and fourteenth grounds of her petition.

In considering this case the court carefully studied the testimony to see if it supported the allegations of the

declaration by which the plaintiff below sought to bring her case within the provisions of Chapter 6521, Acts of the Legislature of 1913, and found that the enterprise of diving in which the deceased was engaged at the time of his death is not one of those enumerated in the statute, and the testimony is uncontroverted that the dredge boat from which Mitchell dived to his death was not propelled by steam.

Section 1 of Chapter 6521, provides, "That this act shall apply to persons, firms and corporations engaged in the following hazardous occupations in this State; namely railroading, operating street railways, generating and selling electricity, telegraph and telephone business, express business, blasting, and dynamiting, operating automobiles for public use, boating, when boat is propelled by steam, gas or electricity."

To bring her case within the provisions of this act, plaintiff below amended her declaration so as to read that the dredge boat was "propelled by steam," but offered no testimony to support the allegation. It appears from the testimony, however, that the dredge boat or barge was towed to the place where he went into the water, and in answer to the question, "Could it propel itself by steam or otherwise" propounded to Captain Sullivan, he replied, "No, sir. There was only hand machinery on it and it had to be towed."

All the charges given by the court on the trial of the case, were on the request of the plaintiff and defendant, and neither requested the court to charge the jury on this statute, and it was not discussed in the oral argument or in the briefs of either party, from which it would seem that the plaintiff and defendant in error did not consider the case came within the provisions of Chapter 6521.

The mistake with reference to the date of Mitchell's death has been corrected in the opinion.

The petition for rehearing is denied.